MILLER, Appellant,

v.

GRIMSLEY et al., Appellees.

[Cite as *Miller v. Grimsley,* 197 Ohio App.3d 167, 2011-Ohio-6049.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–660.

Decided Nov. 22, 2011.

Curry, Roby & Mulvey Co., L.L.C., Lisa C. Haase, and Robert S. Roby, for appellant.

---

SADLER, Judge.

{¶ 1} Appellant, Chad Miller, appeals from a judgment of the Franklin County Court of Common Pleas, in which the trial court awarded him attorney fees following a jury verdict rendered in his favor and against appellees Robert Grimsley and Installers Plus, Inc./Florida (collectively, "Grimsley"). For the following reasons, we reverse the trial court's judgment and remand this matter for further proceedings.

{¶ 2} In February 2006, appellant filed a complaint against Grimsley, seeking damages for breach of contract, fraud, and unjust enrichment. The complaint alleged that Grimsley deceived appellant into forming a partnership that provided roofing installation and repair services in the state of Florida. According to the complaint, Grimsley did not fulfill his terms of the agreement and failed to pay appellant the agreed-upon share of the profits.

{¶ 3} The matter proceeded to a jury trial in January 2009. Before the jury began its deliberations, the trial court instructed it on the elements of appellant's breach-of-contract and fraud claims and informed it that it could not award punitive damages unless it found by the greater weight of the evidence that Grimsley acted with aggravated or egregious fraud. The jury was further instructed that if it found Grimsley liable for punitive damages, it must also decide whether to award reasonable attorney fees.

{¶ 4} The jury rendered a general verdict in favor of appellant and awarded $109,463 in actual damages, $4,377.98 in punitive damages, and reasonable attorney fees in an amount to be determined by the trial court. Through a series of interrogatories, the jury found Grimsley to be in breach of contract and that in addition to actual and punitive damages, reasonable attorney fees were appropriate.

{¶ 5} Appellant moved for a hearing to determine the amount of reasonable attorney fees. In a brief in support of his motion, appellant requested an award in the amount of $161,358.43, not including fees incurred preparing for the hearing, based on the two-step method for calculating attorney fees set forth in *Bittner v. Tri–Cty. Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464. Under the first step, appellant asserted that the lodestar amount (the number of hours reasonably expended on the case multiplied by the reasonable hourly rate) was $143,881.25 based on a bill detailing the work performed by his attorney's firm. Appellant argued that this amount should be enhanced to $161,358.43,

under the second step of the analysis, based on five of the reasonableness factors in former DR 2–106, the predecessor to Prof.Cond.R. 1.5(a). Grimsley did not file a memorandum in opposition.

{¶ 6} At the hearing, appellant presented the testimony of Robert Roby, appellant's lead trial counsel, who testified that his firm agreed to represent appellant on a contingent-fee basis that included a fee-shifting provision. The fee-shifting provision stated, "If attorney fees are awarded, ATTORNEYS shall recover their regular hourly fee for the hours expended." (Capitalization sic.) Appellant submitted a bill detailing all the work performed by Roby's firm in pursuing the case. Roby testified that his hourly rate in such cases was $275 per hour and that his firm expended a total of 540 hours on the case, for a total amount of $143,881.25 in fees.

{¶ 7} Appellant also presented the testimony of attorney John Perez, who the trial court qualified as an expert to testify as to the reasonableness of the fees requested by appellant. Perez testified that both the total number of hours expended on the case and the hourly rate were reasonable for a case involving claims of fraud and breach of contract. When asked whether it was possible to separate the work performed on the fraud claim from the work performed on the breach-of-contract claim, Perez responded:

It would be very difficult because the issues when I reviewed pleadings and the time spent, the two issues were very much intertwined. So it would have been very difficult to just try the pure fraud case without having to deal with contract issues and vice versa. You could try a contract case I guess, a breach of contract without fraud. But it would have been extremely difficult to not cover everything you did in the breach of contract case and fraud case. So I don't think you could have handled this case without covering all the items that had to be proven, all the elements in your fraud case. That would have included the establishing of a supposed oral contract in order to establish the elements.

{¶ 8} After taking the matter under advisement, the trial court issued a decision awarding attorney fees to appellant in the amount of $5,506.85. The trial court acknowledged the fee-shifting agreement between appellant and appellant's attorney and stated that appellant satisfied his burden of establishing that the number of hours and the hourly rate were both reasonable and necessary. However, despite finding the lodestar to be reasonable, the trial court held that an award of attorney fees in that amount would improperly grant appellant a windfall because fees were not recoverable for the hours expended pursuing the breach-of-contract claim. The trial court found that because appellant did not separate these hours from the hours expended pursuing the fraud-based punitive-damages award for which fees were recoverable, the award of attorney fees

should be proportionate to the punitive-damages award. Because the award of punitive damages ($4,377.98) amounted to 3.8 percent of the total verdict ($113,840.98), the trial court awarded attorney fees in an amount equal to 3.8 percent of the lodestar figure presented by appellant, $5,467.49.

{¶ 9} Appellant now appeals from the trial court's award of attorney fees. However, before reviewing appellant's assignment of error, we will address Grimsley's motion to dismiss this appeal for lack of a final, appealable order or, alternatively, to stay these proceedings until the trial court decides his motion for judgment notwithstanding the verdict ("JNOV"). Although Grimsley's JNOV motion was pending at the time appellant filed his notice of appeal, the trial court subsequently denied the motion in a decision and entry filed August 25, 2009, a copy of which is attached to appellant's memorandum in opposition. Therefore, we deny Grimsley's request to stay these proceedings as moot, and we also reject Grimsley's argument that this appeal should be dismissed for lack of a final, appealable order. Under App.R. 4(C), "[a] notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." Given the trial court's subsequent denial of the JNOV motion, appellant's notice of appeal, though premature, sufficiently vests this court with jurisdiction over the appeal. See *Rhoades v. Chase Bank*, 10th Dist. No. 10AP–469, 2010-Ohio-6537, 2010 WL 5550703, ¶ 10; *Carter v. Bernard*, 7th Dist. No. 06 MA 54, 2006-Ohio-7058, 2006 WL 3849855, ¶ 17. Accordingly, Grimsley's motion is denied.

{¶ 10} We now turn to the merits of this appeal. Appellant assigns the following assignment of error for our consideration:

The trial court erred in its calculation of reasonable attorney fees and by arbitrarily concluding that Miller would receive a windfall if all of his fees were awarded.

{¶ 11} We review an award of attorney fees for an abuse of discretion. *Estate of Beavers v. Knapp*, 175 Ohio App.3d 758, 2008-Ohio-2023, 889 N.E.2d 181, ¶ 78. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 12} "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. An exception to this rule exists when punitive damages are awarded in tort cases involving fraud, insult, or malice. *Columbus Fin., Inc. v. Howard* (1975), 42 Ohio St.2d 178, 183, 327

N.E.2d 654, citing *Roberts v. Mason* (1859), 10 Ohio St. 277; *see also Curran v. Vincent,* 175 Ohio App.3d 146, 2007-Ohio-3680, 885 N.E.2d 964, ¶ 20. If punitive damages are proper, reasonable attorney fees may be awarded as an element of compensatory damages. *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 35, 734 N.E.2d 782. An award of attorney fees may stem from an award of punitive damages, but "the attorney-fee award itself is not an element of the punitive-damages award." *Neal–Pettit v. Lahman,* 125 Ohio St.3d 327, 2010-Ohio-1829, 928 N.E.2d 421, ¶ 16.

{¶ 13} When determining the amount of attorney fees, a trial court is guided by a two-step determination. The trial court should first calculate the "lodestar" by multiplying the number of hours reasonably expended by a reasonable hourly rate and, second, decide whether to adjust that amount based on the reasonableness factors listed in Prof.Cond.R. 1.5(a). *Bittner,* 58 Ohio St.3d 143, 569 N.E.2d 464, at the syllabus (applying the predecessor to Prof.Cond.R. 1.5(a)); *Am. Chem. Soc. v. Leadscope, Inc.,* 10th Dist. No. 08AP–1026, 2010-Ohio-2725, 2010 WL 2396544, ¶ 88. Those factors include the time and labor required; the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; the amount involved and the results obtained; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. Prof.Cond.R. 1.5(a).

{¶ 14} These two inquiries may overlap, however, because several of the reasonableness factors are often subsumed within the initial lodestar calculation and normally will not provide an independent basis for adjusting the fee award. *Blum v. Stenson* (1984), 465 U.S. 886, 900, 104 S.Ct. 1541, 79 L.Ed.2d 891, *Freeman v. Crown City Mining, Inc.* (1993), 90 Ohio App.3d 546, 557, 630 N.E.2d 19. Calculation of the lodestar necessarily requires the trial court to exclude any hours that were unreasonably expended, e.g., hours that were redundant, unnecessary or excessive in relationship to the work done. *Gibney v. Toledo Bd. of Edn.* (1991), 73 Ohio App.3d 99, 108, 596 N.E.2d 591, citing *Hensley v. Eckerhart* (1983), 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40. For instance, consideration of the results-obtained factor "generally is already contained in the determination to calculate a reasonable fee" and "normally should not provide an independent basis for increasing the fee award." *Freeman* at 557.

{¶ 15} In his sole assignment of error, appellant argues that the trial court erroneously reduced the lodestar amount, which the trial court found to be reasonable, based solely on the amount of punitive damages awarded. Acknowledging that punitive damages were a prerequisite for award of attorney fees, appellant maintains that the fee award was not required to be proportionate to the punitive-damages award. We agree.

{¶ 16} Proportionality is not synonymous with reasonableness. "A 'reasonable' fee must be related to the work reasonably expended on the case and not merely to the amount of the judgment awarded." *Stonehenge Land Co. v. Beazer Homes Invests., L.L.C.,* 177 Ohio App.3d 7, 2008-Ohio-148, 893 N.E.2d 855, ¶ 45, quoting *Roth Produce Co. v. Scartz* (Dec. 27, 2001), 10th Dist. No. 01AP–480, 2001 WL 1654555. This court has repeatedly held that attorney fees need not be mathematically proportionate to the amount of damages. *Luft v. Perry Cty. Lumber & Supply Co.,* 10th Dist. No. 02AP–559, 2003-Ohio-2305, 2003 WL 21027291, ¶ 42; *Dehoff v. Veterinary Hosp. Operations of Cent. Ohio, Inc.,* 10th Dist. No. 02AP–454, 2003-Ohio-3334, 2003 WL 21470388, ¶ 141. Likewise, " 'a court should not reduce attorney fees based on a simple ratio of successful claims.' " *Hollingsworth v. Time Warner Cable,* 168 Ohio App.3d 658, 2006-Ohio-4903, 861 N.E.2d 580, ¶ 82, quoting *Thurman v. Yellow Freight Sys.* (C.A.6, 1996), 90 F.3d 1160, 1169.

{¶ 17} The trial court awarded fees in an amount proportionate to the award of punitive damages based on the belief that appellant was required to separate the hours expended pursuing the punitive-damages claim from the hours that were not. However, a party's inability to separate hours does not automatically render an award of attorney fees a "windfall," as the trial court suggested. While it is true that a trial court must award fees "only for the amount of time spent pursuing the claim for which fees may be awarded," this is only so where it is *possible* to separate claims in such a manner. *Bittner,* 58 Ohio St.3d at 145, 569 N.E.2d 464. As the United States Supreme Court has recognized:

> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940, 76 L.Ed.2d 40.

{¶ 18} In *Luft,* this court upheld attorney fees awarded for multiple claims, even though fees were only authorized for the claims brought under the Consumer Sales Practices Act ("CSPA"). We acknowledged the general rule that "attorney fees should not be awarded for services on unsuccessful claims that are distinct from successful claims," id., citing *Hensley,* but recognized the exception to this rule: "[W]hen it is not possible to divide claims in this fashion, such as when claims not covered under the CSPA involve a common core of facts with claims arising under the CSPA, then the court may award attorney fees for all time reasonably spent pursuing all claims." *Luft* at ¶ 34, citing *Parker v. I & F Insulation Co., Inc.* (Mar. 27, 1998), 1st Dist. No. C–960602, 1998 WL 144510.

{¶ 19} Appellant asserted that the fraud claim, for which punitive damages were awarded, was intertwined with the breach-of-contract claim for purposes of determining attorney fees. At the hearing, he presented expert testimony that "it would have been extremely difficult" to pursue one claim without pursuing the other. Thus, the relevant question before the trial court was not merely whether appellant failed to divide fees on a claim-by-claim basis, but whether it was possible to divide the fees in such a manner. If the fees could not be divided, either because the claims involved a common core of facts or related legal theories, then the trial court was permitted to award fees for the time reasonably expended pursuing all claims—guided by consideration of any relevant factors in Prof.Cond.R. 1.5(a). The trial court was not, however, permitted to base its award solely on the percentage of punitive damages awarded.

{¶ 20} The trial court did not determine whether the fees were divisible; instead, the trial court relied on *Stults & Assoc., Inc. v. United Mobile Homes, Inc.* (July 16, 2001), 3d Dist. No. 9–01–09, 2001 WL 794513, for the proposition that appellant was required to separate the hours, whether or not it was possible to do so. In *Stults,* however, the Third District expressly recognized that it was possible to "identify distinct claims * * * because Stults' request for reasonable attorneys' fees [was] pursuant to specific contracts." Id., quoting from its decision reversing the initial fee award in *Stults & Assoc., Inc. v. United Mobile Homes, Inc.* (Oct. 14, 1998), 3d Dist. No. 9–97–66, 1998 WL 720471), conversely, the initial fee award. In contrast, appellant's claims here involved a single contract, and appellant presented evidence that it was not possible to separate the hours on a claim-by-claim basis. Thus, we find *Stults* to be materially distinguishable from the present case.

{¶ 21} Because the trial court did not resolve whether it was possible for appellant to separate the fees on a claim-by-claim basis, it erroneously failed to consider whether to award fees for the time reasonably spent pursuing all of the claims. The trial court further erred by mathematically apportioning the amount of attorney fees based on the amount of the punitive-damages award. Accordingly, we find that the trial court erred in calculating the award of attorney fees.

{¶ 22} For the foregoing reasons, appellant's sole assignment of error is sustained. We reverse the judgment of the trial court, and we remand this matter for the trial court to recalculate the award of attorney fees using the two-step procedure outlined above in a manner consistent with this decision.

Motion to dismiss denied,
judgment reversed,
and cause remanded with instructions.

BRYANT, P.J., and KLATT, J., concur.