[Cite as *Jiang v. Zipkin*, 2022-Ohio-3816.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL JIANG, ET AL., :

    Plaintiffs-Appellees, :

                              No. 111069

    v. :

LEWIS A. ZIPKIN, TRUSTEE, ET AL., :

    Defendants-Appellants. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 27, 2022

---

Civil Appeal from the Cleveland Heights Municipal Court
Case No. CVF-1900287

---

### *Appearances:*

Gertsburg Licata Co., LPA, Victor A. Mezacapa, III, and Cynthia M. Menta, *for appellees.*

Zipkin Whiting Co. LPA, and Kevin M. Gross, *for appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Lewis A. Zipkin, Trustee ("appellant"), appeals the decision of the Cleveland Heights Municipal Court denying his motion for sanctions against appellees Michael Jiang, Imran Nahin, and Dongyan Xu (collectively "appellees").

After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This matter arises from the claimed wrongful withholding of a security deposit. Appellees entered into a lease agreement with appellant in May 2016, while attending medical school at Case Western Reserve University. At the time the lease agreement was executed, appellees remitted $2,590 for a security deposit.

{¶ 3} Appellees later terminated the lease agreement and received only a partial refund of the security deposit. They maintained that when they vacated the residence, they left it in a substantially similar condition as when they had moved in. Appellees repeatedly requested a full refund of their deposit, but appellant continued to withhold $1,681.40. Appellant asserts that the funds were withheld due to necessary cleaning of the apartment, a second parking space that appellees had not paid for, and the painting of dirty, scuffed walls in the apartment.

{¶ 4} Appellees, through their attorney, Cynthia Menta ("Menta"), filed a small-claims suit in the Cleveland Heights Municipal Court against appellant, alleging breach of contract and failure to return the security deposit in violation of R.C. 5321.16.

{¶ 5} Appellant responded to the complaint and filed a counterclaim against appellees, alleging claims of abuse of process and defamation. There was significant preliminary motion practice, including a motion to dismiss the counterclaim, a

motion to transfer to regular docket, a motion to strike, and a motion for sanctions, along with corresponding briefing.

{¶ 6} Requests for leave to amend pleadings were also briefed and opposed. The parties engaged in discovery, which included interrogatories, requests for admission, requests for production of documents, and depositions. A motion to quash subpoena was filed and opposed, along with motions to extend the deadline for expert reports.

{¶ 7} The parties filed cross-motions for summary judgment. The court denied appellant's motion for summary judgment, finding that appellees' claims should proceed as "[t]here remain[ed] questions of fact as to whether [appellant] had a substantive right to retain the security deposit."

{¶ 8} The court granted summary judgment on appellant's counterclaim. The court determined that appellees were entitled to judgment as a matter of law on appellant's claims for abuse of process and defamation. Appellant appealed the trial court's dismissal of his counterclaim, which was dismissed by this court sua sponte because the appeal was untimely.

{¶ 9} On remand, additional motion practice took place, including motions in limine regarding appellees' expert, which were briefed and opposed. Two days before trial was scheduled in this matter, appellees moved to transfer the case to the Cuyahoga County Court of Common Pleas because the amount in controversy had by then exceeded the jurisdictional maximum due to the attorney fees incurred on appellees' behalf.

{¶ 10} Although appellees' motion to transfer venue was pending, the trial court moved forward with the trial and dismissed appellees' complaint with prejudice for want of prosecution when appellees and Menta failed to appear for trial as scheduled.

{¶ 11} Appellant then moved for sanctions against appellees and Menta, alleging that they engaged in frivolous conduct under R.C. 2323.51(A). The trial court conducted a hearing on appellant's motion for sanctions where all parties and counsel were present.

{¶ 12} At the hearing, appellant introduced evidence that he paid $26,325 in legal fees to defend the matter. Further, he attempted to settle the case for $1,640 before the lawsuit was even filed, which was only $40 less than the amount sought by appellees. Appellees demanded over $6,118.60 in attorney fees and double damages in the amount of $3,361.48.

{¶ 13} The trial court denied appellant's motion for sanctions, finding that appellees' and Menta's conduct during the proceedings was not frivolous.

{¶ 14} Appellant then filed the instant appeal, raising two assignments of error for our review:

1. The trial court erred when it determined that appellees and their attorney Cynthia Menta did not engage in frivolous conduct under R.C. 2323.51(A), et seq.

2. The trial court erred when it did not award costs and attorney's fees to appellant under R.C. 2323. 51(B), et seq.

## II. Law and Analysis

{¶ 15} In appellant's first assignment of error, he argues that the trial court erred in denying his motion for sanctions and failing to find that appellees and Menta engaged in frivolous conduct. He contends that Menta knew or should have known that there was no evidentiary basis for the claims prior to filing the lawsuit yet continued to prosecute appellees' claims for over two years. Appellant argues that no objective, reasonable attorney would have brought the claims.

{¶ 16} A motion for sanctions under R.C. 2323.51 requires a trial court to determine whether the challenged conduct constitutes frivolous conduct as defined in the statute and, if so, whether any party has been adversely affected by the frivolous conduct. *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 17 (1st Dist.).

{¶ 17} R.C. 2323.51(A)(2)(a)(ii) defines "frivolous conduct" as conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51 applies an objective standard in determining frivolous conduct, as opposed to a subjective one. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 22. The finding of frivolous conduct under the statute is determined without reference to what an individual knew or believed. *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992).

{¶ 18} R.C. 2323.51 was not intended to punish mere misjudgment or tactical error. *Turowski v. Johnson*, 70 Ohio App.3d 118, 123, 590 N.E.2d 434 (9th Dist.1991). Instead, the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Turowski v. Johnson*, 68 Ohio App.3d 704, 706, 589 N.E.2d 462 (9th Dist.1990). The statute serves to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation. *Filonenko v. Smock Constr., L.L.C.*, 10th Dist. Franklin No. 17AP-854, 2018-Ohio-3283, ¶ 14.

{¶ 19} A determination to impose sanctions under R.C. 2323.51 involves a mixed question of law and fact. *Resources for Healthy Living, Inc. v. Haslinger*, 6th Dist. Wood No. WD-10-073, 2011-Ohio-1978, ¶ 26. We review purely legal questions de novo. *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 22. On factual issues, however, "we give deference to the trial court's factual determinations because the trial judge, of course, will have had the benefit of observing the entire course of proceedings and will be most familiar with the parties and attorneys involved." *In re Estate of O'Toole*, 8th Dist. Cuyahoga No. 108122, 2019-Ohio-4165, ¶ 30, citing *Riston* at ¶ 25. The ultimate decision as to whether to grant sanctions under R.C. 2323.51 rests within the sound discretion of the trial court. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11.

{¶ 20} Frivolous conduct implicated by R.C. 2323.51(A)(2)(a)(ii) involves proceeding on a legal theory that is wholly unwarranted in law. "In determining whether a claim is frivolous under R.C. 2323.51(A)(2)(a)(ii), the test is objective —

whether no reasonable lawyer would have brought the action in light of the existing law." *Internatl. Union of Operating Engineers, Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 8th Dist. Cuyahoga No. 104774, 2017-Ohio-1055, ¶ 15, citing *Orbit Elecs., Inc. v. Helm Instrument Co.,* 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 49 (8th Dist.). A claim is therefore frivolous "'if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.'" *Orbit* at *id.*, quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA 15030, 1996 Ohio App. LEXIS 1028, 14 (Mar. 22, 1996).

{¶ 21} Appellant argues that appellees and Menta engaged in frivolous conduct by prosecuting a security deposit and breach-of-contract claim that had no evidentiary support. Appellant asserts that during appellee Jiang's deposition, he was questioned as to what specifically he could point to that was wrongfully withheld, and he stated that he did not know. Appellant surmises that appellees did not show up for trial because they lacked evidentiary support for their claims.

{¶ 22} The trial court stated in its judgment entry denying the motion for sanctions that appellees provided sufficient evidence to survive summary judgment and stated that questions of fact existed regarding the withholding of portions of the security deposit for the alleged breach and damage beyond ordinary wear and tear. As noted by the trial court, surviving a summary judgment motion demonstrates some evidentiary support for a party's claims. *See Merino v. Salem Hunting Club,* 7th Dist. Columbiana No. 11 CO 2, 2012-Ohio-4553, ¶ 17*; Wrinch v. Miller,* 183 Ohio App.3d 445, 2009-Ohio-3862, 917 N.E.2d 348, ¶ 55 (9th Dist.).

{¶ 23} Appellant argues that Menta had a litigation budget for this matter of $88,945.99 and six other lawyers billed time on this dispute. He contends that this is evidence that Menta brought the case for an improper purpose — to rack up and earn a windfall of legal fees. This argument lacks merit.

{¶ 24} R.C. 5321.16 is a remedial statute intended to ensure that a tenant incurs no expense when seeking a refund of a wrongfully withheld security deposit. *Alcorso v. Correll*, 8th Dist. Cuyahoga No. 110218, 2021-Ohio-3351, ¶ 49. Consistent with the purpose of the statute, if successful, appellees would have been entitled to recover the reasonable attorney fees that appellant's actions forced them to incur to enforce their statutory rights. Merely because the attorney fees incurred in this case were greatly disproportionate to the damages sought on appellees' security-deposit claim does not render them unreasonable. *See, e.g., id.,* (affirming award of $26,825 on recovery of $446.19 in damages on security-deposit claim); *Christen v. Continental Ents.*, 2020-Ohio-3665, 154 N.E.3d 1192, ¶ 45, 52 (8th Dist.) (affirming award of $23,500 in attorney fees on recovery of $850 security deposit under R.C. 5321.16(C)); *Schultz v. Wurdlow*, 10th Dist. Franklin No. 11AP-62, 2012-Ohio-3163, ¶ 1, 25-26 (trial court did not abuse its discretion in awarding $14,782.50 in attorney fees for recovery of $700 in damages on security-deposit claim); *see also Miller v. Grimsley,* 197 Ohio App.3d 167, 2011-Ohio-6049, 966 N.E.2d 932, ¶ 16 (10th Dist.) ("Proportionality is not synonymous with reasonableness. 'A "reasonable" fee must be related to the work reasonably expended on the case and not merely to the amount of the judgment awarded.'"), quoting *Stonehenge Land Co. v. Beazer*

*Homes Invests., LLC,* 177 Ohio App.3d 7, 2008-Ohio-148, 893 N.E.2d 855, ¶ 45 (10th Dist.).

{¶ 25} This matter was pending in the trial court for over two-and-one-half years and was vigorously litigated, including extensive motion practice by both parties. It is unsurprising that significant attorney fees were incurred. As evidenced by the cases above, the fact that the amount of attorney fees sought was greatly disproportionate to the amount claimed to have been wrongfully withheld does not render the amount sought unreasonable,[1] and does not, on its own, demonstrate frivolous conduct.

{¶ 26} To further support his claim that appellees and Menta engaged in frivolous conduct, appellant asserts that appellees refused to settle the case when appellant would not pay for their attorney fees. After the case had been pending for a year, appellees demanded $37,168.82 to settle the suit. Appellant asserts that he had to retain two experts on the subject of reasonable attorney fees and one expert opined that the litigation budget should not have exceeded $1,500 for the entire

---

[1] While we note that an award of attorney fees under R.C. 5321.16(C) "must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16, and not to any additional claims," *Smith v. Padgett*, 32 Ohio St.3d 344, 349, 513 N.E.2d 737 (1987), it is well established that "'[a] tenant may recover reasonable attorney fees under R.C. 5321.16(C) attributable to both the security deposit claim and to defending against the landlord's claim for alleged damages,'" where "'the two claims are virtually indivisible.'" *Alcoroso v. Correll*, 2020-Ohio-4752, 159 N.E.3d 924, ¶ 39 (8th Dist.), fn. 3, quoting *Whitestone Co. v. Stittsworth*, 10th Dist. Franklin No. 06AP-371, 2007-Ohio-233, ¶ 56. In this instance, it does not appear that the claims raised in appellant's counterclaim were virtually indivisible from appellees' security-deposit claim, and thus the fees incurred defending the counterclaim may not have been recoverable. However, such a determination would have been made by the court had the matter proceeded to trial and need not be determined for purposes of this appeal.

case. Appellant further contends that in the weeks prior to trial, appellees sought to settle the case for $7,500, which he claims demonstrates that their prior demands were "outrageous."

{¶ 27} As the trial court noted, there is no requirement that a party engage in settlement discussions. As stated by this court, "while settlements are generally encouraged in the litigation arena, we can find no case law requiring a [party] to engage in settlement discussions at all." *Wheeler v. Best Emp. Fed. Credit Union*, 8th Dist. Cuyahoga No. 92159, 2009-Ohio-2139, ¶ 45. In the instant matter, appellant acknowledges that appellees did engage in settlement discussions; he simply believes that their demands were unreasonable. The trial court held that

> the settlement offers and demands of Plaintiffs were warranted under existing law, were not for an improper purpose, and did not themselves cause an unnecessary delay or a needless increase in the cost of litigation, other than causing the litigation to proceed forward as it must when no settlement is reached.

{¶ 28} We find that the trial court properly determined that the conduct of appellees and Menta concerning settlement discussions was not frivolous under R.C. 2323.51(A)(2)(a).

{¶ 29} Finally, appellant characterizes appellees' and Menta's failure to appear for trial as frivolous conduct, surmising that they did not appear because they lacked evidentiary support for their claims. In analyzing this argument, the trial court found that failing to appear at trial did not rise to the level of frivolous conduct because there was no evidence that appellees had not intended to go forward until that day. The trial court further noted that appellees

could have voluntarily dismissed the action, which would have, at a minimum, left open the option of refiling the case. Furthermore, even if the failure to appear was found to be frivolous, no award of costs, fees, or expenses would be appropriate, as Defendant did not suffer as such. On the contrary, as noted, had Plaintiffs voluntarily dismissed, as they had a right to do, Plaintiffs' claim could have been refiled. Had the matter instead proceeded to trial, Defendant would have expended additional time and attorney's fees, with a best-case scenario at or near where they stand today. Nonetheless, there is no evidence before the Court that Plaintiffs never had any intention of going forward with a trial, and the failure to appear at trial alone was frivolous under R.C. 2323.51(A)(2)(a).

{¶ 30} We agree with the trial court and find that appellant has not demonstrated that by simply failing to appear for trial, appellees knew their claims lacked evidentiary support. The trial court did not abuse its discretion in denying appellant's motion for sanctions, and appellant's first assignment of error is overruled.

{¶ 31} Appellant argues in his second assignment of error that the trial court erred in declining to award costs and attorney fees to appellant. Appellant contends that he incurred over $28,000 in legal fees and over $5,000 in costs in defending the suit.

{¶ 32} R.C. 2323.51(B)(1) provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." Because we determined that the trial court did not err in finding that appellees and Menta did not engage in frivolous conduct and properly denied

appellant's motion for sanctions, appellant was not entitled to an award of attorney fees or costs. Appellant's second assignment of error is overruled.

### III. Conclusion

{¶ 33} The trial court did not err in denying appellant's motion for sanctions, and appellant was not entitled to an award of attorney fees. Both of appellant's assignments of error are overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR