[Cite as *Edlong Corp. v. Nadathur*, 2013-Ohio-1283.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| THE EDLONG CORPORATION, | : | APPEAL NO. C-120369 |
| | | TRIAL NO. A-0611031 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| SUDARSHAN NADATHUR, | : | |
| Defendant-Appellant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 22, 2013


*Locke Lord LLP* and *Terrence P. Canade*, and *Dinsmore & Shohl LLP* and *Nancy A. Lawson*, for Plaintiff-Appellee,

*Denlinger, Rosenthal & Greenberg Co., L.P.A.*, *Gary L. Greenberg*, *Emily J. Gelhaus* and *Daniel G. Rosenthal*, for Defendant-Appellant.


Please note: this case has been removed from the accelerated calendar.

SYLVIA SIEVE HENDON, **Presiding Judge.**

{¶1}   Defendant-appellant Sudarshan Nadathur, a former employee of plaintiff-appellee The Edlong Corporation, appeals from the judgment of the trial court awarding him only half of his attorney fees following his successful defense of an action by Edlong for breach of his employment contract and for trade-secret violations.   Because the uncontroverted evidence established that Nadathur's attorney fees attributable to the two claims were indivisible, we hold that the trial court abused its discretion by arbitrarily awarding only half of his total attorney fees.

### Background Facts

{¶2}   During Nadathur's employment by Edlong, he signed a confidentiality agreement that allowed him to work for a competitor after termination of his employment with Edlong, so long as his new employment did not make the disclosure of Edlong trade secrets "inevitable."   In 2006, Nadathur left his position at Edlong to work for a competitor named Givaudan Flavors Corporation.   In an effort to prevent the "inevitable disclosure" of Edlong's trade secrets, Edlong filed suit against Nadathur and Givaudan, alleging violations of the Ohio Trade Secrets Act and breach of the confidentiality agreement, and requesting injunctive relief.   Givaudan and Nadathur counterclaimed for tortious interference with a business relationship and for tortious interference with employment relations.

{¶3}   Following a trial, the court denied Edlong's request for injunctive relief.   The court found in favor of Givaudan and Nadathur on Edlong's breach-of-contract and trade-secret claims, and denied the counterclaims.   On appeal, we affirmed the trial court's judgment. *See The Edlong Corp. v. Nadathur*, 1st Dist. No. C-080176 (Dec. 10, 2008).

{¶4}   Givaudan and Nadathur filed a motion in the trial court for attorney fees and expenses.   They relied on a provision in Nadathur's confidentiality agreement with Edlong

that provided for reasonable attorney fees to the prevailing party in any action to enforce the agreement.

{¶5}   The trial court granted the motion with respect to Nadathur because he had been the prevailing party on Edlong's breach-of-contract claim.  However, the court held that Givaudan was not entitled to an award for attorney fees because Givaudan was not a party to the confidentiality agreement.  The court referred the matter to a magistrate for a determination of reasonable attorney fees and expenses.

{¶6}   The magistrate issued a decision finding that Nadathur was entitled only to fees and expenses stemming from his defense of the breach-of-contract action.  Following Nadathur's objections to the decision, the trial court held that Nadathur was entitled to recover fees solely related to Edlong's contract claim, and that he was not entitled to fees related to any other claims.  The court further held that the burden was on Nadathur to "parse out" the attorney fees attributable to his defense of the breach-of-contract claim from attorney fees that he had incurred for any other claims or that Givaudan had incurred in the action.  The court remanded the matter to the magistrate for a determination of the amount of the attorney fees.

{¶7}   The magistrate conducted an evidentiary hearing at which counsel for Nadathur presented evidence of the legal services and fees he had incurred as a result of his defense of Edlong's claims.

{¶8}   Gary L. Greenberg testified that his firm represented Nadathur and Givaudan in the action.  According to Greenberg, the defense work for the breach-of-contract and for the trade-secret claims was indivisible.  And in compliance with the trial court's order, Greenberg had subtracted from Nadathur's fee claim any fees that were not strictly attributable to the defense of the breach-of-contract and trade-secret claims.

{¶9}   Jane Garfinkel, general counsel for Givaudan, testified that Givaudan and Nadathur had agreed to a joint representation because the claims against them and their defenses to those claims were the same.  Moreover, Givaudan had agreed to pay Nadathur's

3

legal fees. She stated that Givaudan would have incurred no legal expenses in the matter but for Edlong's breach-of-contract claim against Nadathur. According to Garfinkel, each of Edlong's claims was rooted in the confidentiality agreement between Edlong and Nadathur, so that the claims and defenses were inextricably related. As a result, there was no way to separate the attorney fees because the legal work had been done in connection with enforcement of the confidentiality agreement.

{¶10} Charles J. Faruki, an attorney specializing in business litigation and intellectual property cases, testified as an expert for Nadathur. Faruki opined that Edlong's trade-secret and breach-of-contract claims were essentially the same in terms of the issue presented by the claims, the types of discovery necessary, and the proof that needed to be offered at trial. He testified that the attorney fees were reasonable and necessary for Nadathur's defense of Edlong's breach-of-contract claim.

{¶11} Following the hearing, the magistrate decided that Nadathur had failed to meet his burden to prove the amount of attorney fees attributable solely to the contract claim. In his decision, he wrote:

> As Nadathur claims that the fees incurred in defending the two counts of the complaint cannot be separated, the court will not independently examine the billing records to discover to which claim each billable event belongs. Rather, the court will simply reduce the amount of claimed fees in half, as attorneys' fees for only one of the two counts of the complaint have been held compensable by the trial [c]ourt.

{¶12} The trial court overruled Nadathur's objections and adopted the magistrate's decision.

4

### The Appeal

{¶13} In a single assignment of error, Nadathur argues that the trial court erred by awarding him only half of his attorney fees where the evidence had established that the fees for both the breach-of-contract claim and the trade-secret claim were indivisible.

{¶14} In this case, the confidentiality agreement between Nadathur and Edlong provided that "[t]he prevailing party in any action to enforce this Agreement shall be entitled to recover reasonable attorney fees, in addition to other available relief." When a contract provides for attorney fees but does not specify the amount of fees that are awardable, a trial court has discretion to determine the amount of fees reasonably necessary under the circumstances. *See Lake Pointe Townhomes Homeowners' Assn. v. Bruce*, 178 Ohio App.3d 756, 2008-Ohio-5264, 900 N.E.2d 636, ¶ 10 (8th Dist.).

{¶15} The Ohio Supreme Court has held that where claims can be separated "into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991); *see also Lambda Research, Inc. v. Jacobs*, 1st Dist. No. C-100796, 2013-Ohio-348; *Parker v. I & F Insulation Co.*, 1st Dist. No. C-960602, 1998 Ohio App. LEXIS 1187, *20 (Mar. 27, 1998). However, a court should not reduce attorney fees based on a simple ratio of successful versus unsuccessful claims. *Hollingsworth v. Time Warner Cable*, 168 Ohio App.3d 658, 2006-Ohio-4903, 861 N.E.2d 580, ¶ 82 (1st Dist.), quoting *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir.1996).

{¶16} But it is not always possible to divide attorney fees for distinct claims. If claims "involve a common core of facts or will be based on related legal theories," it may be "difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also New Concept Hous., Inc. v. United Dept. Stores Co., No. 1, Inc.*, 1st Dist. No. C-080504, 2009-Ohio-2259, ¶ 41. So

where multiple claims are rooted in the same allegations, facts, discovery, and legal arguments, a trial court does not abuse its discretion in awarding attorney fees for the time spent on the claims. *See I & F Insulation, supra; Lambda Research, supra.*

{¶17} Therefore, the inability of a prevailing party to allocate attorney fees for discrete claims does not necessarily render a fee award for the full amount unreasonable. *See Miller v. Grimsley*, 197 Ohio App.3d 167, 2011-Ohio-6049, 966 N.E.2d 932, ¶ 17 (10th Dist.). So a trial court abuses its discretion to award attorney fees if it arbitrarily excises a portion of attorney fees in the face of uncontroverted evidence that the attorney fees are indivisible because the claims involved were so intrinsically intertwined. *Id.*

{¶18} In this case, because the uncontradicted evidence before the trial court indicated that Edlong's breach-of-contract and trade-secret claims involved a common core of facts and intertwined legal theories so that the attorney fees for the claims were indivisible, we hold that the trial court abused its discretion in arbitrarily reducing Nadathur's attorney-fee award.

### Conclusion

{¶19} Therefore, we sustain the assignment of error. We reverse the trial court's judgment and remand this matter for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**HILDEBRANDT** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

6